## Northern Assurance Company of America v. McKelvey

*Vincent J. Morrison,* for plaintiff.
*Alfred Mattei,* for defendants.

DIGGINS, *S.J.*, March 16, 1987—This case arises out of an alleged automobile accident on March 15, 1984. As a result thereof, each of defendants claimed injuries against one Louis J. Perti, who was an uninsured motorist under the terms of a policy of insurance issued by Northern Assurance Company, a subsidiary of Commercial Union Insurance Co., plaintiff in this issue. The claimants demanded benefits pursuant to the uninsured motorist provisions of the said policy.

On July 5, 1985, claimants demanded an arbitration hearing and they appointed Michael L. Murphy, Esq., as their arbitrator and thereafter on July 29, 1985, the insurance carrier appointed John G. Devlin, Esq., as its arbitrator. On September 16, 1985, these two arbitrators agreed upon Michael J. Bradley, Esq., as the neutral arbitrator. Mr. Bradley accepted the appointment and a hearing on the merits was set for December 6, 1985, then twice

continued until March 18, 1986, when the hearing was held.

At this hearing and prior thereto, Alfred J. Mattei, Esq., represented James M. McKelvey, the policy owner. The undisputed facts are that when Mr. Bradley was appointed a neutral arbitrator and subsequent thereto, he was pursuing an uninsured motorist claim for a client before an arbitration panel. On this arbitration panel, Alfred J. Mattei was sitting as the neutral arbitrator and Mr. Bradley's client was awarded very substantial damages. The panel in this case whereon Mr. Bradley sat as the neutral arbitrator, awarded Mr. Mattei's client, Mr. McKelvey, a sum greater than that awarded by the Mattei panel to Mr. Bradley's client. The panel in this case awarded substantial damages to the other claimants as well.

Here we have a situation where Mr. Bradley in his arbitration claim named Mr. Mattei as his neutral arbitrator and, therefore, chairman of the panel and having received a substantial award, Mr. Mattei named Mr. Bradley to the same position on this panel, tried the case before the panel and was in turn awarded substantial damages.

It is to be noted that the vote authorizing the award was two to one, Mr. Bradley having voted with Mr. Murphy, claimants' nominee to make a majority. Mr. Devlin, the insurance carrier's nominee dissented.

As a result of the foregoing, plaintiff herein, Northern Assurance Company of America, filed a timely motion to vacate the award of arbitrators alleging no notice of the alleged conflict of interest between Mr. Bradley and Mr. Mattei and in said motion asserted the claim of conflict of interest and actual impropriety asserting also that the arbitration panel committed manifold errors of law and fact in

making the awards. In the motion which is the subject of this opinion, plaintiff prays the court to vacate, set aside, correct or modify the award of the arbitrators and we find nothing in the reply briefs to challenge these alleged facts. We, therefore, find that under the circumstances of this arbitration and the personnel of the arbitration panel, there is created a presumption of bias which situation is addressed in rule 9 of the Rules of Arbitration and provides that where under circumstances likely to create a presumption of bias which might disqualify him or her as an impartial arbitrator, the neutral arbitrator shall disqualify him or herself. Neither the arbitration rules nor any other analogous rules of ethics require proof of bias or substantive impropriety. The implication, the inference of possibility is enough and the facts in this arbitration matter clearly imply both concepts.

Since by this opinion we hold that rule 9 of the Rules of Arbitration has been violated by the neutral arbitrator and the appearance and inference of bias and as its arbitrator and these two appointed Michael R. Bradley, Esq. as neutral arbitrator and chairman of the arbitration panel and which panel held a hearing and rendered an award to claimants from which award the insurance company appealed and filed a motion praying that the award be vacated, set aside, corrected or modified.

After considering the merits and the briefs filed, the court directs that the award be vacated and the matter referred back to the arbitration panel for a hearing de novo, without prejudice to the merits of the claim and preserving to all parties in interest any and all challenges or objections to the record as it is developed before the new panel. It is further ordered that Michael J. Bradley, Esq., disqualify himself as the neutral member of the arbitration panel

and that the two remaining members, i.e. Michael L. Murphy, Esq. and John G. Devlin, Esq. appoint a different neutral arbitrator and thereafter hold a hearing or hearings de novo on the entire merits.

Accordingly, we make the following

## ORDER

And now, this March 16, 1987, in the above captioned matter, it is ordered that the award of arbitrators be and the same is hereby vacated and the matter is remanded for the selection of new arbitrators and a hearing de novo upon the merits be held.